We will turn to the next case on our argument calendar, which is Alfonso Clark v. Buffalo City School District, 21-2932. Mr. Andrews. Good afternoon, your honors. Before I begin, if it pleases the court, I just want to know if you'd like a brief resuscitation of the salient facts per Mr. Clark's complaint. Go ahead. So, as per the complaint, Mr. Clark alleges that September of 2020, he received numerous automated telephone messages from the Buffalo City District schools. These messages were of a wide variety of instances, from individual student absences, to events for different schools, to different, there were some related to COVID. The difficult part from his perspective was, because it just didn't come from one particular entity, a lot of different schools, it was hard for him to be able to track down every time who was calling. He did his best he could, and as the complaint alleges, he called in the outset numerous times to the schools he identified and let them know he doesn't have any children in the Buffalo City School District system. I don't know how they got his number. Could you please stop calling me? Is there any doubt in the record that all of these calls came from the school district? Or, I didn't quite understand your comment about his inability to trace the calls. So, there's a multitude of schools within the Buffalo City School District. So sometimes, for example, Hutch Tech is a school within that district, might have left him a message. Other times, it was Olmstead. Other times, it was City Honors. So, it wasn't just one school within the district that was calling him. I'm sorry for the confusion, Your Honors. So, despite his best attempts to try to get his number taken off whatever this list was, the calls continued. And they've amassed, and again, prediscovery, at least over 50 calls that he's dealt with. So, he came to us and we filed the complaint, and here we are today. The issue before the court, and it's a really important one, Your Honors, is did the district court err in determining that the TCPA doesn't apply to a school district because it doesn't meet the definition of a person per the statute? Is that the only issue or the basic issue before us? That is what Judge Sinatra in the Western District of New York ruled on. Now, Appelli made other arguments. And that's the decision that you're challenging out here? Yes, Your Honor. I would note that in Appelli's opposition, there are other arguments that they raised in the lower court that Judge Sinatra didn't address because he dismissed the complaint solely on the grounds that the school district didn't qualify as a person per the definition of the statute. Now, that definition lists just a few types of entities. It lists an individual, a partnership, a joint stock company, a trust, association, and a corporation. I think I got all six. But what precedes that is the language includes. And that's really important because Congress is mindful when they choose the words that they decide to put in these statutes. And include is not a limiting term. It's an enlargement term. If you look at the other definitions within that section, and there's 50 or 60 or so, they use a different word, means. Means is a limiting term. So I think it's really important to recognize that they did it with some purpose. And so that's the conclusion that, you know, I believe was preferential to the court and is backed by the FCC. Now, the FCC has reached that conclusion in two different rulings. There's a 2016 declaratory ruling, Blackboard, in which it reaches that conclusion, as well as the more recent 2020 order and reconsideration broad net. And it's clear and unambiguous that the FCC came to these. And, you know, I just, for just sake of letting your honors know that this was well thought out by the part of the FCC, I'm just going to mention a few of the sections per the orders and rulings so you can see that this was something that they put a lot of time into thinking. For the Blackboard ruling on paragraph 17, and I'm paraphrasing for your honors, FCC discusses calls that are permissible when made from schools related to a school mission as long as there's prior express consent of the called party. Well, if the TCPA didn't apply to a school, that doesn't make a lot of sense to have that verbiage in there. So FCC further expands upon that and broad net in paragraph 29, discusses how local governments are persons because they're not sovereign, as would be a state or a federal entity. I mean, you were quoting from the 2020 decision? Correct, your honor. Yeah, that's broad net paragraph 29. Again, this is in the brief, but it's paragraph 29 where they make that, the vessey makes that distinction. In paragraph 31, they talk, the vessey talks about the legislative history shows Congress contemplated a carve out for schools, but then there was a clear lack of indication that Congress intended to go forward with that. And again, that's broad net. And now this section, paragraph 33 of broad net, which I think is particularly indicative of, I'm going to read it verbatim. Sorry, your honor, I got proud of my readers. You hit your mid 40s and that was it. It happened. Congress decision to strike a blanket exception for public schools and its justification therefore makes clear it considered that local government entities of which public schools are a part are persons. So, you know, based on that, I think it's clear and convincing that the FCC's held that, you know, the TCB applies to schools. So now. Can I just back up a step? Sure. And I understand sensibly your focus is on the question of statutory construction, about the definition of person, including corporations, et cetera. If you were to prevail on that issue, what is the relief that you are seeking concretely from us? I would ask that the court reverse the decision of the district court and remand the matter back for further litigation. And then these additional arguments that I suppose the school district could then raise would then be considered in the first instance by the district court. Is that the idea about the question of whether these are punitive and therefore you can't apply them against a governmental entity or whatever other issues? Would you agree that there are other issues that, I guess, in due course you would litigate before the district court? Absolutely, Your Honor. I think that, correct me if I'm wrong, I don't know if they get another bite of the apple for a motion to dismiss. As much as I love coming back here, I live here in my 20s, I think that we probably have to flush it out through discovery and then maybe I'd see you guys, depending on how the district court flushed that out. But 100 percent, they still have a claim that the TCPA doesn't apply. I'm sure my adversary will get into that when it's his time. To follow up on Judge Nardini's question, what's the ultimate remedy that you're seeking? That is, assume for the argument that the case is remanded to the district court on the question of whether a school district is covered by the statute. What is it that you're planning or hoping to achieve when you're in the district court? There are money damages here at the end of the day? Correct, Your Honor. There's a private right of action. So the floor is $500 per call, and if it's shown to be willful, it can be trebled up to $1,500 per call. So depending on, and again, we don't know the extent of the calls. We have his current records that he was pled in the complaint. We know there's a little bit over 50, but there could be 150. We don't know. But yeah, the goal would be to get damages. You would have further discovery presumably. What kind of discovery would be helpful to you in pursuit of that claim? So we'd have to determine, first of all, who is actually making these. I doubt the school has someone that's making the calls. They've probably got, my guess is a third party that's making those calls. And so that probably would involve an agency. For the pleading issue. These are some sort of auto dialers or something where they program a message, they have a list of phone numbers, and then the system. Yes, Your Honor. So it's not a person that dials. What happens is sophisticated software where they can upload a campaign, think of like a schedule. They list the certain numbers, and then they'd say, we want to dial this number this many times, this many, you know, frequency. And they can actually load a message. It's unbelievable. It can know, the technology can know whether or not you pick up or it goes to your voicemail. When it goes to the voicemail, it leaves what we call a blast message. This kind of calling is something that's very commonly done by schools with respect to assignments, with respect to slow days, with respect to, you know, whatever it may, administrative things having to do with no school today or a change in the lunch schedule. Absolutely, Your Honor. School picnic or all sorts of things. Yeah. And again, we're not here arguing that the schools don't have the right to do it. They just, number one, there's an emergency exception. So if there was something, let's say there was a school shooting, that I think would clearly fall under the emergency exception. And as the Congress, or I'm sorry, the FCC indicated in Blackboard, as long as there's consent, it's fair game. And in this case, there wasn't consent because Mr. Clark doesn't have a child that's in the school district. And it's not as if he just sat there and let the calls amass. He called. He did the best he could to try to say, listen, you know, these calls are annoying me. Please stop. And you have alleged that in your complaint, you have alleged that your client made efforts to get himself removed from the list so that he would not continue to receive these calls. And do you allege how many times he made such attempts? A few, Your Honor. He didn't know the exact number, so I didn't want to misrepresent. But more than one. What do we do with the fact that the FCC orders that have been raised by you on appeal, I think they were not, were they raised before Judge Sinatra? No, Your Honor. And I don't think there's waiver, and let me explain my thought process. The issue that was waived before Judge Sinatra was that the list is not exhausted. And in order for the FCC to reach the conclusion that the school district is a person per statute, it's implicit in that finding that the list has to be exhausted. Right? They can't make that leap without first, the underpinning of the rationale, the underpinning of the argument, though, is first. It has to be more than just those six entities that I listed, Your Honors. Otherwise, we don't get there. I thought you were claiming that a municipality is a corporation. And municipalities very often are corporations. So the FCC in broad net, part of the rationale was the distinction between state and federal and a local municipality is sovereignty. And they said a municipality, a municipal corporation, is very much like a private corporation in that it's treated alike in terms of legal status as defined by a person. They can sue. They can be sued. Right? They're incorporated under state law. Right? Operating pursuant to a charter that outlines the exact extent of that incorporation. But the statute doesn't say private corporation. It just says corporation. Correct. Correct. So that would encompass both private and governmental corporations. If there's some ambiguity, I think, again, the FCC said that it should be favored in part of the consumer because it is consumer statute. So if I'm understanding, Your Honor, you're saying the expansion of corporation would be both municipal and private corporations. I think that goes. Well, I mean, I'm just saying that I understand your argument to be that the term corporation in a statute is not limited to private corporations. The term corporation in a statute like this encompasses public corporations as well as private corporations. Yes, Your Honor. On top of which, if it's ambiguous, you point to the fact as a matter of law. To the fact that the FCC in these rulings has interpreted and you argue at least that it's entitled to deference in its interpretation. Yes. And, Your Honor, I know I'm over. I would just end with this. This court has always had a precedent for filing and having deference to the FCC in these rulings. A case that came out of my office, it was a Sterling v. Mercantile case, and that also involved a TCPA matter where Mercantile, a debt collector, was hired to collect a debt. They dialed the number, which they believed was the debtor's, but it was a recycled number. It was actually Mr. Sterling's number. So the issue was Mercantile said, hey, we're not calling Mr. Sterling. We're calling the called party, which is who we believe is the debtor. The FCC issued a ruling during the pendency of the litigation where they defined called party as a subscriber. This court then held in its decision that MAB was then bound by that decision. Even though they disagreed with it, they could not then over, you know, you went with the FCC. They said, you know, they were stuck with that decision. So I would ask that the court, this court has already set the precedent for filing the FCC to do the same in this instance. Thank you. Thank you. Mr. Quinn. Good afternoon, Your Honors. May it please the court. I think to step back and to address some of Your Honors' recent points, you have to start with the definition. I think that's what all parties agree on, and that definition is persons. That is the language that we're talking about. It doesn't say corporation. It doesn't say public corporation. It says persons. Well, that's not the definition. That's the statutory term. That's correct. And then there's a statute that defines person. It does define person, and it does say including. And this is addressed by Judge Sinatra in saying that it does include corporations. No one's disputing that. No one's arguing that inclusive is generally expandatory. It's not restricted. That's fully reflected in Judge Sinatra's order. What Judge Sinatra says is that that's not the end of the analysis. You have to look to the words in context, and you have to look to the words that are all being used together. It says persons. It says corporations. It says partnership, joint stock, those types of things. What it doesn't say, what is explicitly and obviously not in there, is a reference to public, government, sovereign, any of those language which would indicate a desire by the lawmakers to include school districts within that definition. Well, it can't include sovereigns, right, because there's the 11th Amendment. That's what ultimately the FCC relies on. No, I do agree with me that if Congress had passed a law saying you can seek damages against a state sovereign, it would be unconstitutional. So why would they write a statute like that? I'm not aware of any statute like that unless it's implementing the 14th Amendment or something like that, right? Well, I think that's part of the problem here is that I can't speak to what the legislature was thinking when they were doing that. What I can speak to is what's actually in the statute itself, and it doesn't say sovereign, whether or not they thought they could or they couldn't. But again, I mean, the 11th Amendment's been around for a long time. It's not something that we should be guessing that maybe they overlooked and they would have put sovereign in. I guess I'm not seeing how the omission of the word sovereign, in other words, leads to any inference at all about what they meant or didn't mean. It seems like we're just focusing on the words that are there, but I don't think we can say by negative implication the omission of the word sovereign should lead us to think anything in particular because that's pretty much a ludicrous thing to assume that Congress would have been thinking about. Especially because municipalities are not sovereigns. No, and I agree with this, and I think that's the faulty reasoning in the FCC's leap that they make. So your position is, your position is, I take it interpreting Judge Sinatra's ruling, that it is unambiguous, the statute is unambiguous, that a person does not include municipal entities such as schools? That's correct, because if it did, they would have stated as much, and I think that's been- Because they would have said schools, if they meant schools, and if they didn't say schools unambiguously, they didn't mean to include them in corporations in reference to- That's correct, and I think what you can look to- It's a pretty ridiculous argument. But it's not unique, Your Honor, because if you look to Section 1983, if you look to some of the other regulations that we cite in our brief dealing with the definition of persons in a more general context, frequently it is found that persons does not include municipal entities. Now, respectfully, with respect to those definitions, there also isn't a specific carve-out in terms of a municipal entity. It's just that a person's, in the normal sense, would not generally reflect a school district. What do we do with the FCC's interpretations that the plaintiff relies on, which present a rather strong argument that according to the FCC's interpretation, schools are included, public schools are included. What do we do with that? I apologize, Your Honor. First, you don't have to reach them. It's important to remember that this motion was made in the context of a 12B6-12C motion, and these arguments were not raised in opposition to the 12B6-12C motion. Why does that matter? It matters because they're invoking the Hobbs Act, Your Honor, and they're saying essentially that the Hobbs Act means that the district is prevented from challenging these determinations or disagreeing with them in any shape or form because we did not go through the Administrative Appeals Act, and that is only raised on appeal for the first time. Well, they may be wrong about that, but they're certainly allowed. I mean, we are allowed to hypothetically affirm on any grounds that are apparent in the record, right? And we can take judicial notice, I would think, of governmental pronouncements like FCC rules, right? Generally speaking. They're not barred from raising those. Now, you are not barred from arguing back and saying, well, these are wrong. I see they're raising the arguments, and they're wrong for various reasons, and that's fine, but they're not prohibited from raising them. They're not, like, relying on facts that are outside the record or something. Respectfully, Your Honor, I think the case law describes it as prudential as opposed to jurisdictional or something to that effect. So the court does have the ability to do that. It's law. We can consult law. Generally speaking, yes. Now, these are not legislative enactments, and that's sort of the next point. It's part of the body of law. It's an interpretation by a federal agency. And I don't disagree with that, but to what ends and in what context I think is what our point is. One, it was made in a 12B6 and 12C motion. And it's important to note the complaint does not actually allege that the school district was a person under the FCC. That is not contained within there. And then the context of it is this is not a legislative enactment, and the reliance on Sterling versus Mercantile is important because it was decided before PDR Network. And that case draws the distinction between legislative, which even up until the point of their letter today, the appellant continues to claim that this is a legislative enactment policy finding, and we disagree. At most, it was interpretive. They don't need to rely on that because even if it's not, the interpretations of the SEC are entitled to deference. They don't make that argument for one and for another. I think to the extent that they are entitled to deference, we think for the reasons set forth in Judge Sinatra's decision, that the court does not have to defer to the FCC because the plain language of the statute itself states persons, and it does not include governmental entities. I'd like to ask you something. Please. Make some observations before. First observation is that this procedure used by schools to use robocalls to communicate useful messages about the school's curriculum and sickness days and snow days and COVID problems and wearing masks and all kinds of things like that is very highly useful to schools. It's a valuable service. It's a valuable way of functioning for the schools. A second observation is if the plaintiff is correct in his pleading that the plaintiff received about 50 of these calls and tried on several occasions to call it to the attention of the school that was calling him, although he has no connection with that school or indeed any school, and nothing happened as a result of it, no one took it seriously, no one paid any attention to it, this perhaps has nothing to do with statutory interpretation, but it does throw mud on the face of the Buffalo School District because he complained and he complained, he said, please take me off the list, and nobody did anything about it. And if that's true, that is unfortunate dereliction on the part of the school. At the same time, the statutory penalty for an infraction of the statute is insignificant enough if it is a call that happened once or twice and $500 would be paid. But if it happened 50 times and the school district is going to have to pay $25,000 for its lassitude and negligence in this, that would be unfortunate as well. That's a heavy cost to be imposed on the municipality for its sloppiness, the sloppiness of whoever it was that received these calls and failing to pay attention to it. I'm wondering whether, did you go through a camp before bringing this appeal? We did not go through camp on this case, Your Honor. Well, it seems to me that it would be highly desirable for you to go to camp, and I expect, unless I'm persuaded otherwise, to urge my colleagues to join me in sending you mandatorily to camp. The plaintiff has very good reason to have had it up to here and be annoyed and say, all right, I can't succeed in getting myself off this list by trying to call and tell him. I'm going to bring suit, and the statute seems to entitle me to $25,000 in damages, which is a lot of money. Maybe I'm wrong. I think maybe the plaintiff would be amenable to receiving a sum nowhere near $25,000, but a sum that assuages his anger and annoyance as having been imposed upon 50 times. What would you say about going to camp and seeing if this case can't be settled? Well, there was a lot there, Your Honor. Because a ruling that confirms that the school is liable every time a call goes to somebody who hasn't consented, unless it's within the emergency exception, that would be pretty damaging, and I think it would be good for the Buffalo School District not to have such a ruling if that's what's eventually going to come out. But the plaintiff has some pretty good arguments here. So what about going to camp and seeing to mediation and seeing if you can't get this matter settled, a question I ask to both sides? Well, Your Honor, certainly I think your thought process is fully reasonable and it makes sense. And to the extent that you're asking us, we would agree to go to camp, certainly. To the extent that you're directing us, we don't have a choice. But I guess the point is an accurate one, and it's one that we do take seriously. And I do want to not push back but necessarily say that this was a 12B6 motion, so it was made prior to discovery. There are disputes over these things. These things would be disputed in terms of discovery. But the ultimate point, which you're getting to, is the right one. The district does not want to inconvenience. The district does not want to make unnecessary calls. The district doesn't want to do anything along those lines. What the district does want to do is convey important, necessary information. Yes, it's a very useful process to communicate with the student body. But when you get somebody on the list who's not involved in the schools at all, it's pretty annoying to that person to be apparently coming from numerous schools. So- No, certainly. And it is the, I guess what I would say is the district certainly would be amenable to camp. It is not that the district is saying in anywhere in our papers or anything in this argument that we're entitled to do this regardless of anything. Anything be darned, nobody can say anything. Well, you are saying that if you're saying that you're not included within the prohibition of the statute. No, we're saying that the prohibitions and the penalties do not apply to us. Because that's not what the legislature decided to do. Because of these important issues and these important bases and these foundational purposes to facilitate public discourse. If you're a person, then what follows from that? You're prohibited. To some extent, I mean, there are other arguments about punitive damages and also telemarketing and those types of things. So there are those separate arguments in this particular case. But- If I read the statute correctly, it doesn't give the district court flexibility about the $500. Isn't it actual damages or $500, whichever is greater? I'd have to look at it again, Your Honor. That wasn't part of this argument. Counsel, can I ask you the same question I asked your opponent? Let's say hypothetically that we were to agree with the appellant on the question of statutory construction. What would be, what would our ruling look like? In the sense of, would it be a remand to the district court? Would there be further proceedings? What kinds of further proceedings would still follow in the district court? I understand you have some alternative arguments about, I suppose, the $500 penalty being punitive or maybe just the treble damages being punitive or whatever. Are there other arguments that then the district court would have to engage with between both parties? There are, Your Honor. And it would also get to the nature of the calls, which is, as we've argued, it was not telemarketing in the strict sense. So I think the remedy would be remand. Now, I do want to make the point that I don't think, I think under the circumstances, given that it was a 12B6 motion, given that the plaintiff did not allege that the school district was a person under the TCPA, and because of the, what we are arguing, our waiver in their arguments, the court could disagree with the statutory interpretation but not necessarily reach that determination because of the insufficiencies in the opposition, in the pleading, all of those other things. Because this was a 12B6 motion, the court doesn't necessarily need to ultimately, finally decide that issue. The court could essentially grant the motion remand without really getting to those other arguments. But we'd still have to get to the person argument, right? I mean, we're not going to pump that, go all the way back to the district court. It would seem like an odd world where we would, I don't even understand what would be the basis of our vacating the dismissal motion and yet asking the district court to decide afresh the same question we already did. And then what? He's presumably going to adhere to it and would come back up? I'm not following. No, I think you would affirm the court's decision, finding that the 12- You're saying affirm, not send it back. No, you could affirm, and I'm sorry for any confusion there. My point was that you could affirm the court's decision without reaching necessarily that ultimate determination on whether or not the school district was a person under the TCPA. I believe there is a way to do that. What is the way? Because of the waiver and or failure to plead, the district was a person in the complaint. But what's the waiver? I understand that you're saying they didn't allege you are a person and that is somehow a defect under 12b-6. Although in that case, I don't see why they wouldn't be allowed to amend the complaint and just say- I mean, have they amended the complaint before? No, the time to do that would have been in opposition to our motion as well. All right. So assume that weren't a problem. Describe again your waiver argument that's distinct from the failure to allege that they are a person. So we've made arguments, and Your Honor has already pushed back on me regarding the Hobbs Act and whether or not they can now raise and whether or not this court now has to consider the FCC determinations in Blackboard and Broadband. And we haven't really got to those. I do have arguments on those as well. But the court does not necessarily have to consider these arguments now. There's no way the plaintiff could prevail without your being a person. Isn't that right? That's correct, Your Honor. So, I mean, even if the plaintiff didn't say, in saying that this is covered by the statute, the plaintiff is implicitly saying that you're a person. The statute applies only to a person. And you have to be a person in order to be liable, right? Implicitly, I would say no, Your Honor. I mean, there are pleading requirements. You can be liable without being a person? We're disputing that, and I don't mean to be flippant on this point, but we are disputing that the district is a person. So I would say that a failure to allege that is a failure to plead. There's some kind of procedural error or default is what you hope to prevail. Essentially, Your Honor, yes. I mean, I think there is a way. And we're not making that argument exclusively. We're making all of these other arguments as well. But there is a way to determine this on the motion without ultimately deciding whether or not the district is a person. A pleading, a complaint alleges facts that render the defendant liable under law. The pleading isn't a brief that spells out every issue of law that is required to be resolved for the plaintiff to be entitled to prevail. I think that's correct. I would equate it to a, let's say, 12C motion on a Section 1983 claim. There are certain claims you have to make. There are certain allegations you have to make. And this is particularly relevant because we're dealing with persons and municipalities. And there is a way to allege a claim under 1983 against an entity, a public entity of some kind, or at least try to without successfully doing so under Iqbal and Twombly, thus resulting in a motion. Well, Iqbal and Twombly don't require that one spell out the statutory theory. Iqbal and Twombly require that you plead facts that make it reasonably plausible that the statute is violated. And the plaintiff says, I kept receiving these robocalls from the school district without having consented, indeed having no connection to the school district. I don't understand why there's any defect in that pleading. You're saying that he would have to include in his pleading a specific reference to every single word of the statute that needs to be, to every element of the statute that he would need to satisfy. He has to refer to it by name and say, this part satisfied this element of the statute. These facts satisfy that element of the statute. That's not the way pleadings are drafted. I apologize. I would not say that because you would decide against me. What I would say is that if they fail to allege a particular individual was not acting under the color of law or something along those lines, I think that would be a pleading defect because there are certain things you have to prove. Now, this is getting a little bit far field, but I think that is what I am saying, that the failure to allege that. And it is important because this is ultimately the issue that we're here arguing about. So the failure to plead that, I do not think is insignificant. And I think for all the reasons that we've made, all the arguments that we've made in our other parts of our brief, I think it is important and it's significant that they didn't plead that. Thank you, Mr. Quinn. Thank you, Your Honor. Mr. Andrews has reserved some time. I'll be very brief, Your Honors. I know you've spent a lot of time and really appreciate your level of commitment to hopefully getting the best decision possible. I just want to real briefly touch base on what my opponent brought up as far as the PDR network. That's the United States Supreme Court in 2019 that made a distinction between a legislative versus interpretive order ruling. And in keeping with that, the difference is interpretive doesn't have full force and effective law and the legislative does. And how we determine that per the United States Supreme Court is there has to be a formal comment period in which the SEC seeks to third parties to be able to weigh in on a particular issue. When I was drafting the brief, admittedly the SEC's website is very difficult to navigate. I spent countless hours trying to find something along those lines to show that. I was unable to do it. In preparing for the argument a day ago, I came across what I believe is proof of that. I submitted that pursuant to 28J local rules to supplement. As an officer of the court, I believe I have a responsibility to notify the court when there's any authority, I believe signifies a difference from what either myself or my opponent has put forth as the state of the law. And we're grateful for that. But let me take you to Judge LaValle's question, put to opposing counsel. What is your view on possibly going to camp, the camp program for mediation? We would agree with that, Your Honor. Like I said, if you direct us, we're going to go. And if you gently nudge us, we're going to go as well. But absolutely, I've had good success in mediation in my district. So we would absolutely be in favor of that as well. All right, you've got one minute more, why don't you? Well, I would just respectfully request in the event that we aren't directed to camp, that Your Honors find that, based on the arguments today and contained in the brief, to reverse the decision of the Western District of New York and remand the case back for further proceedings. Thank you. Thank you, Your Honors, for your time. Thank you. We'll reserve the decision.